IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHARON WESLEY )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>AUSTAL, USA, LLC. )<br>)<br>Defendant. ) | CIVIL ACTION NO.: 1:17-Cv-302-CG-N |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for legal and equitable relief to redress racial and gender discrimination against Sharon Wesley. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991, and 42 U.S.C. §§ 1981. Plaintiff seeks injunctive relief, equitable relief, and compensatory damages.

### II. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

2. Defendant, Austal USA, LLC (hereinafter "Austal"), is an employer doing business in this district, and at all times relevant to this action, the Defendant is the employer of Plaintiff within the meaning of 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

3. Venue is proper in the Southern District of Alabama, Southern Division, since Defendant is conducting business within this District and Division and this action is brought where the unlawful employment practice was committed.

### III. PARTIES

1. The Plaintiff, Sharon Wesley, is over the age of nineteen years and a resident citizen of Mobile, Mobile County, Alabama. The Plaintiff is Austal USA LLC, and/or was seeking promotion as part of her employment with Defendants at all times pertinent to this action.

2. The Defendant, Austal, operates and exists under the laws of the State of Alabama. Austal employs at least fifteen (15) persons and is an "employer" under Title VII

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 4, 2015.

2. On March 31, 2017, the EEOC issued a right to sue letter received by Plaintiff counsel on or about April 3, 2017.

3. Plaintiff has satisfied all conditions precedent prior to bringing an action under Title VII of the Civil Rights Act of 1964, as amended.

## V. FACTUAL ALLEGATIONS

1. Plaintiff, Sharon Welsey, was hired by Austal on May 7, 2011 as an Electrical Apprentice.

2. Plaintiff was appointed to Specialist I position on April 3, 2014.

3. Plaintiff applied for Specialist II position on or around middle of July 2015.

4. At all times relevant hereto, Plaintiff satisfactorily performed her job duties.

5. Plaintiff has never been reprimanded or received a negative evaluation.

6. Upon information and belief, Plaintiff was the only black female that applied for the position and was not hired.

7. Upon information and belief, everyone who was promoted to Specialist II was White and Male.

8. On August 4, 2015, Plaintiff was told by Scott Brown (White/Manager) and Conrad Harris (White/Supervisor) that she was denied promotion to Specialist II because she was not in charge of her own electrical system.

9. Plaintiff was not promoted and/or placed as Specialist II as a direct result of her race and gender, black female, and treated differently than Male and Caucasian candidates who applied for the Specialist II positions.

10. Plaintiff, at the time of her application, was in charge of her own system, the laundry room, and responsible for the standards and proper maintenance of that system.

11. Plaintiff, at the time of her meeting with Brown and Harris, was assigned responsibility of the Galley system, another electrical system.

12. Upon information and belief, Plaintiff has firsthand information that at least 3 other White candidates who had less experience, less working history with Austal, and/or non-electrical system experience were promoted to Specialist II positions at the time of her complaint.

13. Upon information and belief, Austal did not give Plaintiff the same consideration for work experience gained in apprenticeship/other departments that other candidates were given in determining Specialist II candidates.

14. The placement and preference of Male and/or Caucasian candidates as Specialist II is a part of a pattern and practice of discrimination by Austal.

15. Plaintiff send a letter regarding her concerns with the Specialist II process to her union representative, Brown, Harris, and Austal Human Resources on or around the last week of July 2015.

16. Plaintiff filed her complaint with the local EEOC office on August 4, 2015.

17. Following an investigation, the EEOC issued a Letter of Determination on March 6, 2017, charging Austal with violating Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, by failing to promote Plaintiff due to her sex and race and failing to consider Plaintiff's previous work history and experience with Austal.

18. Austal, following the Letter of Determination, declined on March 30, 2017 to pursue conciliation with Plaintiff and EEOC.

19. Plaintiff received notice from EEOC informing her of her right to sue on or about April 3, 2017.

20. As the direct and proximate result of the wrongful actions of Austal, Plaintiff was caused to suffer mental anguish, loss of dignity, embarrassment, humiliation, and other intangible injuries and other directly and indirectly related expenses.

## CAUSES OF ACTION
## COUNT I

### TITLE VII AND SECTION 1981
### (Sex Discrimination)

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 as if fully set forth herein.

22. This is a claim to redress unlawful discrimination by Austal on the basis of Plaintiff's sex in violation of Title VII.

23. Defendant has engaged in a pattern and practice of discrimination based on sex

24. Defendant has no legitimate non-discriminatory reason for its conduct.

25. As a direct and proximate result of the wrongful actions of Austal, Plaintiff was caused to suffer mental anguish, loss of dignity, embarrassment, humiliation, and other intangible injuries and other directly and indirectly related expenses.

26. Because of such conduct, Plaintiff has suffered severe emotional distress, embarrassment, and humiliation.

27. Defendant's actions were done maliciously and/or done with reckless indifference to the Plaintiff's federally protected rights.

## COUNT II
## TITLE VII AND SECTION 1981
### (Race Discrimination)

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 as if fully set forth herein.

29. This is a claim to redress unlawful discrimination by Austal on the basis of Plaintiff's race in violation of Title VII.

30. Defendant has engaged in a pattern and practice of discrimination based on race.

31. Defendant has no legitimate non-discriminatory reason for its conduct.

32. As a direct and proximate result of the wrongful actions of Austal, Plaintiff was

caused to suffer mental anguish, loss of dignity, embarrassment, humiliation, and other intangible injuries and other directly and indirectly related expenses.

33. Because of such conduct, Plaintiff has suffered severe emotional distress, embarrassment, and humiliation.

34. Defendant's actions were done maliciously and/or done with reckless indifference to the Plaintiff's federally protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Grant Plaintiff a declaratory judgment that the actions, policies and practices complained of herein of the defendants violate the provisions of 42 U.S.C. Title VII and 42 U.S.C. §2000e.

B. Grant Plaintiff a preliminary injunction enjoining the defendants, their agents, successors, employees and attorneys and those acting in concert with them and at their direction, from maintaining or continuing the policies, practices, customs and usages of denying, abridging, withholding, conditioning, limiting, or otherwise interfering with the Plaintiff's rights to equal employment opportunities without discrimination, as provided for under 42 U.S.C. Title VII and 42 U.S.C. §2000e.

C. Grant Plaintiff an order enjoining the defendants, their agents, successors, employees, and attorneys and those acting in concert with them and at their discretion, from engaging in practices that discriminate against Plaintiff and enjoining defendants from failing and refusing to immediately restore Plaintiff's employment status and classification.

D.  Grant Plaintiff an award of back pay from Austal in the amount the Plaintiff would have earned from the date of her denial of employment to and including the date of judgment, but for those policies and practices complained herein.

E.  Grant Plaintiff front pay or wages in the amount equal to the pay or wages Plaintiff would be earning after final judgment, but for Austal's unlawful policies and practices complained of herein, and but for the delays Plaintiff will encounter in reaching her rightful place because of business necessity and other equitable considerations.

F.  Award compensatory damages against all defendants in an amount the jury determines will compensate the Plaintiff for her losses and damages suffered, as well as punitive damages against defendant in an amount the jury determines is adequate to punish defendant for its wrongful conduct and to deter others from similar conduct in the future, and/or nominal damages as may be appropriate.

G.  Award Plaintiff costs and expenses in prosecuting this action including an award of reasonable attorney's fees.

H.  Retain jurisdiction of this action following judgment for sufficient time to insure that defendants comply with the law and decree which may be entered herein, and during such time to require defendants to report such information as is necessary to evaluate their compliance.

I.  Grant Plaintiff such other and further relief as equity and justice requires.

Respectfully submitted this 30th day of June 2017.

*Sharon Wesley*
SHARON WESLEY
3350 Rigby Drive West
Mobile, Alabama 36695

EEOC Form 161-A (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To: Sharon Wesley  
3550 Rigby Drive West  
Mobile, AL 36695

From: Mobile Local Office  
63 S Royal Street  
Suite 504  
Mobile, AL 36602

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 425-2015-01034 | JOHN J. BYRD, Investigator | (251) 690-2409 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Erika LaCour,  
Local Office Director

3-31-17  
(Date Mailed)

Enclosures(s)

cc: Kristin T. Parsons  
Associate General Counsel  
AUSTAL  
100 Addsco Road  
Post Office Box 1049  
Mobile, AL 36633