# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHARON WESLEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AUSTAL USA LLC, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 17-0302-CG-N |

## ORDER

This matter is before the court on Plaintiff's Motion for a Jury Trial (Doc. 36) pursuant to Fed. R. Civ. P. 39(b) and Defendant's Response in opposition thereto. (Doc. 44). For the reasons set forth below, Plaintiff's Motion is GRANTED.

## DISCUSSION

Plaintiff, proceeding *pro se*, filed this action against Defendant Austal USA, LLC ("Austal") on June 30, 2017, pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991. (Doc. 1). Plaintiff's Complaint did not specifically include a demand for a trial by jury. (*Id.*) Austal filed its answer on July 24, 2017 (Doc. 4) and on September 7, 2017, pursuant to this Court's Preliminary Scheduling Order, the parties filed their Report of Parties' Planning Meeting pursuant to Rule 26(f). (Doc. 9). The report indicated that the action would proceed to a non-jury trial. (*Id.*) Thereafter, the Magistrate Judge assigned to this action set a hearing for a scheduling conference

(Doc. 11) which was attended by counsel for Austal and *pro se* Plaintiff on September 22, 2017. (Docket entry dated 9/22/17). At the conference, the Magistrate Judge notified Plaintiff of her need to file a motion in the event that she wanted a trial by jury. (Doc. 44 at 3; Doc. 44-4 at 4-6).

Plaintiff obtained representation in this action in mid-October 2017 who contends that a quick review of the pleadings did not "reveal any obvious deficiencies, and the same paragraph "F" of the Prayer for Relief may have suggested to counsel that a demand for a jury trial had been made…" (Doc. 36 at 4).[1] Plaintiff's counsel continued litigation of this action without making a formal request for a jury trial until April 2018, when after he and Plaintiff attended the scheduled Settlement Conference, they "were surprised to learn […] that the case had been placed on the court's non-jury docket". (Doc. 36 at 4). Thereafter, on April 17, 2018, Plaintiff filed the subject motion requesting a jury trial.

Defendant opposes Plaintiff's request on the grounds that Plaintiff intentionally waived her jury trial and because her request is untimely. (Doc. 44, generally). More specifically, while acknowledging that the trial Court has broad discretion to rule on Rule 39(b) motions, Plaintiff argues that Plaintiff in this case waived her right to a trial by jury because she did not include such a demand in her Complaint, did not request a jury when working with opposing counsel to prepare the Rule 26(f) Report, and because she did not promptly make a jury demand

---

[1] Paragraph "F" of the Complaint is a prayer for damages which states in pertinent part "Award compensatory damages against all defendants in an amount the jury determines […]". (Doc. 1 at 7).

following the Scheduling Conference wherein the Magistrate Judge informed her that if she wanted a jury trial, she would need to file a motion "sooner, rather than later". (Doc. 44 at 5-7; Doc. 44-4). Defendant also contends Plaintiff's motion should be denied because she has offered this Court nothing but inadvertence as an excuse for her untimely motion for a jury trial. (*Id*. at 7-8).

The Eleventh Circuit has held that a late request for a jury should be granted "'in the absence of strong and compelling reasons to the contrary.'" *Parrot v. Wilson*, 707 F. 2d 1262, 1267 (11th Cir. 1983) (quoting *Swofford v. B & W, Inc.*, 336 F. 2d 406, 408 (5th Cir. 1964)). The factors to consider in deciding whether a motion for jury trial should be granted are:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Parrott*, 707 F. 2d at 1267. Consideration of these factors in the present action weighs in favor of allowing a jury trial. First, the issues presented in Plaintiff's complaint may be tried by a jury. Second, a bench trial was initially scheduled for the September 2018, trial term, a setting still several months away and, therefore, the court will not be adversely impacted by the change to a jury trial. There is also no indication that Defendant's schedule would be disrupted by a jury trial and Defendant has already filed its motion for summary judgment which is currently

3

pending (Doc. 40). Third, Defendant has not argued nor does the record reflect that allowing a jury trial would result in unfair prejudice to Defendant. As a result, considering the first three *Parrott* factors weighs in favor of a jury trial. Considering the fourth and fifth factors, the result does not change. While the amount of time that Plaintiff has waited to make her request is not commendable, it alone, is not dispositive of Plaintiff's request. The record is clear that during part of the ten-month delay, Plaintiff was proceeding *pro se* and, therefore, may not have been aware of the need to specifically request a jury trial prior to the Scheduling Conference. "[L]ack of legal assistance may supply (or be) a good reason for a favorable exercise of discretion under Rule 39(b)." *Members v. Paige*, 140 F. 3d 690, 704 (7th Cir. 1998). The reason for Plaintiff's delay is, likewise, not dispositive of her belated request. Rather, it is evident that counsel was not a part of drafting the complaint, was not retained until several months after the complaint was filed, and admittedly believed that the request for a jury had been previously made based on his reading of the Complaint. Further, Plaintiff's counsel was not dilatory in requesting a jury, once he became aware that this action was set for a non-jury trial. While Plaintiff's counsel's failure to appreciate the need to make such a request earlier does not weigh in Plaintiff's favor, the failure of counsel to make the request sooner should not, under the circumstances in this action, strip Plaintiff of her right to a trial by jury. Therefore, while the fourth and fifth *Parrott* factors are not wholly favorable Plaintiff's request, the five factors when considered together, still weigh in favor of permitting a trial by jury.

Further, Defendant's position that Plaintiff intentionally waived her right to a jury because she did not include the request in her Complaint and because she agreed to a non-jury trial in the Rule 26(f) Report is not compelling. As discussed above, Plaintiff was not represented by counsel when her Complaint was filed. Additionally, the record establishes that during the scheduling conference the Magistrate Judge explained to Plaintiff that her case was set for a non-jury trial and that she needed to file a motion if she wished to request a jury trial. Therefore, the Court's entering of the scheduling order on the same day as the hearing, could not be evidence of Plaintiff's waiver, but rather is evidence that Plaintiff could still make such a request after the order was entered.

## CONCLUSION

For the reasons set forth below, Plaintiff's Motion (Doc. 36) is GRANTED.

**DONE** and **ORDERED** this 25th day of June, 2018.

 /s/ Callie V. S. Granade
**SENIOR UNITED STATES DISTRICT JUDGE**