IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHARON WESLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 17-0302-CG-N |
| | ) |
| AUSTAL USA LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Surrebuttal to Defendant's Reply in Support of its Motion for Summary Judgment (Doc. 54). For the reasons set forth below, Plaintiff's Motion is DENIED.

## DISCUSSION

Plaintiff filed this action against Defendant Austal USA, LLC ("Austal") on June 30, 2017, pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991. (Doc. 1). Pursuant to this Court's modified Scheduling Order (Doc. 28) Defendant filed its Motion for Summary Judgment and supporting brief on May 1, 2018. (Docs. 40, 41). Plaintiff filed her Response on June 2, 2018 (Doc. 48) and her supporting exhibits on June 3, 2018 (Docs. 49, 50). Defendant filed its Reply with supporting exhibits on June 15, 2018. (Docs. 52, 53). Three days later, Plaintiff filed the subject Motion for Leave to file her surrebuttal on the grounds "that the Defendant is mischaracterizing

certain evidentiary submissions and arguments regarding those submission – company emails, and seek a fair opportunity to address these matters very briefly." (Doc. 54). Plaintiff attached to her motion, a copy of her proposed rebuttal and several previously submitted exhibits. (Docs. 54-1 through 54-5).

Neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies. Although the court may in its discretion permit the filing of a surreply, this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief. *See e.g., Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (referring to *Hammett v. Am. Bankers Ins. Co.*, 203 F.R.D. 690, 695 n. 1 (S.D.Fla. 2001) ("Because Plaintiff presented new arguments and a new theory for certification in her Reply the Court will grant Defendants' Motion for Leave to File a Sur-Reply...."). Other district courts in this circuit previously have warned that "[t]o allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." *Garrison v. Northeast Georgia Med. Ctr., Inc.*, 66 F.Supp.2d 1336, 1340 (N.D.Ga.1999) (denying party's request for leave to file a surreply).

In the instant action, Plaintiff does not assert that additional briefing is necessary because Defendant has raised new legal arguments. Rather, a review of Plaintiff's motion and proposed surrebuttal indicates that Plaintiff seeks only to provide additional arguments relating to Defendant's Reply; namely, whether Plaintiff has demonstrated pretext for race and gender discrimination. (Doc. 54-1).

2

These arguments have been addressed in the briefings already before this Court. Accordingly, no valid reason exists for Plaintiff to file a surreply. As such, Plaintiff's motion is due to be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion (Doc. 54) is DENIED.

**DONE** and **ORDERED** this 25th day of June, 2018.

/s/ Callie V. S. Granade
**SENIOR UNITED STATES DISTRICT JUDGE**